IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SARAH L. NORDSTROM,<br><br>        Plaintiff,<br><br>    v.<br><br>USAA GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>        Defendant. | Case No. 3:22-cv-00016-SLG |

## ORDER RE MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court at Docket 19 is Plaintiff Sarah L. Nordstrom's motion for partial summary judgment. Defendant USAA Garrison Property and Casualty Insurance Company (hereinafter "USAA") filed a response in opposition at Docket 23, to which Ms. Nordstrom replied at Docket 27. Ms. Nordstrom requested oral argument at Docket 24 and the Court denied that motion at Docket 30 because oral argument was not necessary to the Court's determination.

### BACKGROUND

This case arises out of a collision between Ms. Nordstrom's vehicle and a vehicle driven by Trista Dee Anna Wilson on December 2, 2016. On the day of the collision, Ms. Nordstrom was driving a 2012 Chevrolet Silverado and Ms. Wilson was driving a 2012 Ford Escape.[1] The collision occurred when Ms. Nordstrom was

---

[1] Docket 23-2 at 1–2.

stopped at an intersection and Ms. Wilson's vehicle struck Ms. Nordstrom's vehicle from behind.[2]

At the time of the accident, Ms. Nordstrom was insured by USAA for medical payments coverage and underinsured motorist coverage.[3] Pursuant to that insurance policy, Ms. Nordstrom is entitled to medical payments coverage for "medically necessary and appropriate medical services" that "are required to identify or treat [bodily injury] caused by an auto accident."[4] The policy also provides that USAA "will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or underinsured motor vehicle because of [bodily injury] sustained by a covered person and caused by an auto accident."[5]

For purposes of this motion, the key dispute between Ms. Nordstrom and USAA is the extent to which Ms. Nordstrom was injured in the collision. According to Ms. Nordstrom, she incurred or suffered exacerbation of the following injuries because of the collision: (1) a "[r]ight thumb carpometacarpal degenerative arthritis with aggravation"; (2) a "[c]ervical spine sprain"; and (3) "a lumbosacral spine sprain."[6] She maintains that she continues to experience ongoing symptoms from

---

[2] Docket 23-3 at 5–7.

[3] Docket 23-7 at 3–7.

[4] Docket 23-7 at 1.

[5] Docket 23-7 at 5.

[6] Docket 19-1 at 23–24.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 2 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 2 of 13

her thumb injury and requires further treatment.[7] She also contends that she needed medical care for her cervical and lumbar spine injuries for 8 to 12 weeks after the collision.[8]

According to USAA, however, the "alleged injuries for which she is seeking payment under her USAA auto policy were not proximately caused by the December 2, 2016, auto accident."[9] Moreover, with respect to the injuries sustained in the collision, USAA insists that Ms. Nordstrom has already been fully compensated for those injuries by Ms. Wilson.[10]

On August 1, 2018, Ms. Nordstrom filed suit against Ms. Wilson in Alaska Superior Court.[11] The parties in that case signed a settlement agreement on June 15, 2019, whereby Ms. Wilson paid $57,105.00 and Ms. Nordstrom agreed to discharge Ms. Wilson of any further liability arising out of the December 2, 2016, collision.[12] At the time of the collision, Ms. Wilson was insured for bodily injury liability to others by Progressive for up to $50,000 per person, plus add-ons, so the settlement amount was for the limits of Ms. Wilson's policy.[13]

---

[7] Docket 19-1 at 26–27.

[8] Docket 19-1 at 26.

[9] Docket 23 at 2.

[10] Docket 23 at 2.

[11] *Nordstrom v. Wilson*, No. 3AN-18-08317CI (Alaska Super. Ct. filed Aug. 1, 2018).

[12] Docket 23-6 at 1–3.

[13] Docket 27-4 at 1.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 3 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 3 of 13

Ms. Nordstrom originally filed this suit against USAA in Alaska Superior Court on October 1, 2021, alleging that USAA "has refused to pay" the "underinsured coverage and medical bills incurred as a result of this accident" despite "hav[ing] all of the necessary documents to pay plaintiff's claim."[14] USAA timely removed the case to federal court.[15] Ms. Nordstrom subsequently filed the motion for partial summary judgment that is now before the Court.

## JURISDICITON

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332. The amount in controversy is alleged to be in excess of $75,000.[16] There is also complete diversity between the parties because Ms. Nordstrom is a citizen of the State of Alaska and USAA is a Texas corporation with its principal place of business in Texas.[17]

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, a court views the facts in the light most favorable

---

[14] Docket 1-1 at 3, ¶ 9, 4, ¶ 13.

[15] Docket 1.

[16] Docket 1 at 2, ¶ 7.

[17] Docket 1 at 2, ¶ 6.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 4 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 4 of 13

to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[18]

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of fact for trial."[19] However, "[w]hen the nonmoving party has the burden of proof at trial, the moving party need only point out 'that there is an absence of evidence to support the nonmoving party's case.'"[20] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[21] The non-moving party may not rely on "mere allegations or denials"; rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[22]

## DISCUSSION

Ms. Nordstrom moves for partial summary judgment with respect to seven "undisputed issues."[23] The first of these issues is that "[t]he motor vehicle accident

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[19] *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[20] *Id.* at 1076 (quoting *Celotex Corp.*, 477 U.S. at 325).

[21] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson*, 477 U.S. at 248 (quoting Fed. R. Civ. P. 56(e)).

[22] *Anderson*, 477 U.S. at 248–49 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)).

[23] Docket 19 at 1–3.
Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 5 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 5 of 13

on December 2, 2016, was solely caused by the negligence of the tortfeasor, Trista Dee Anna Wilson, and plaintiff was not at fault."[24] USAA concedes that "[Ms.] Wilson was at fault for the car accident" and that "[Ms.] Wilson was negligent."[25] When, as here, "both parties assert[] that there are no uncontested issues of material fact," a court still has the independent "responsibility to determine whether disputed issues of material fact are present."[26] Because the parties agree that Ms. Wilson's negligence caused the collision on December 2, 2016, and the Court has not independently identified any evidence to the contrary, the Court will grant partial summary judgment as to this one issue.

The remaining six issues on which Ms. Nordstrom seeks summary judgment pertain to whether the collision caused the alleged injuries and whether the medical care she has received in the past and may receive in the future for these injuries was or will be reasonable and appropriate.[27] Whether Ms. Wilson's negligence caused the alleged injuries is a critical element to the success of Ms. Nordstrom's claims against USAA because her insurance policy provides that she must be "legally entitled to recover from the owner or operator of an . . . underinsured motor vehicle because of [bodily injuries] sustained . . . and caused by an auto accident"

---

[24] Docket 19 at 2.

[25] Docket 23 at 2, 10.

[26] *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978).

[27] Docket 19 at 2–3.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 6 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 6 of 13

to receive coverage.[28]

Although Ms. Wilson's negligence is undisputed, her negligence alone is insufficient to establish that Ms. Wilson is liable for Ms. Nordstrom's alleged injuries. To the contrary, it is well established that "[e]ven if an individual is negligent, that person is not liable at common law for another's injuries unless the negligence is a legal (i.e. proximate) cause of those injuries."[29] To establish liability for negligence pursuant to Alaska law, a party must show (1) a duty of care; (2) breach of the duty; (3) causation; and (4) harm.[30] Although Ms. Wilson's undisputed negligence is sufficient to satisfy the first two elements, Ms. Nordstrom must also show there are no disputed facts as to the remaining two elements in order to obtain summary judgment.

To establish that Ms. Wilson's negligence caused Ms. Nordstrom to incur the alleged injuries and medical expenses, Ms. Nordstrom relies on an expert report authored by Dr. Eric Hofmeister, who performed an independent medical evaluation of Ms. Nordstrom's alleged injuries.[31] As part of this evaluation, he reviewed the photos of Ms. Nordstrom's vehicle after the collision, Ms. Nordstrom's medical

---

[28] Docket 23-7 at 5.

[29] *State v. Will*, 807 P.2d 467, 470–71 (Alaska 1991) (citing *Alvey v. Pioneer Oilfield Serv., Inc.*, 648 P.2d 599, 600 (Alaska 1982)).

[30] *Dapo v. State*, 454 P.3d 171, 178 (Alaska 2019) (citing *Silvers v. Silvers*, 999 P.2d 786, 793 (Alaska 2000)).

[31] *See generally* Docket 19-1.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 7 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 7 of 13

records from as far back as May 16, 2003, and multiple radiographic images.[32] He also performed an interview and physical examination of Ms. Nordstrom.[33]

Dr. Hofmeister summarizes Ms. Nordstrom's medical records following the collision as follows: Four days after the collision, Ms. Nordstrom sought medical care at First Care Medical Center, "complaining of neck pain and swelling in her neck." She was diagnosed with "a neck strain and recommended anti-inflammatories." On December 9, 2016, she sought chiropractic care at Gray Chiro Health Clinic.[34] She continued to receive chiropractic and massage therapy at least four times in December 2016, nine times in January 2017, ten times in February 2017, ten times in March 2017, six times in April 2017, six times in May 2017, three times in June 2017, and twice in July 2017. She received an MRI and several radiographs of her spine from January 2017 until December 2017, as well as one radiograph of her right wrist on September 13, 2017.[35] "There then is a large gap in the medical records . . . [from] December 18, 2017, until November 12, 2018." Ms. Nordstrom sought chiropractic treatment on November 12, 2018, and again on January 28, 2019, and July 3 and 25, 2019. In August 2019, she was "diagnosed with right thumb mild to moderate carpometacarpal degenerative joint arthritis and

---

[32] Docket 19-1 at 2–14.

[33] Docket 19-1 at 24.

[34] Docket 19-1 at 3.

[35] Docket 19-1 at 4–5.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 8 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 8 of 13

possible carpal tunnel syndrome" and received a corticosteroid injection in her right thumb.[36] She pursued ongoing chiropractic treatment once a month in December 2019, January 2020, February 2020, July 2020, September 2020, October 2020, February 2021, August 2021, and October 2021.[37] On November 1, 2022, she sought further treatment for her right thumb, and the treating physician recommended another corticosteroid injection and possible surgery.[38]

Dr. Hofmeister ultimately concluded that as a result of the December 2, 2016, collision, Ms. Nordstrom sustained a "mild cervical spine sprain and a lumbosacral spine sprain."[39] He found that "[t]he treatment to her cervical and lumbar spine that she received for the first 8 to 12 weeks following the motor vehicle accident of December 2, 2016, would be related to her accident, and all treatments after that time would be related to her underlying multilevel spondylosis."[40] Regarding the thumb injury, Dr. Hofmeister concluded that "she ha[d] some acceleration of her first carpometacarpal degenerative arthrosis"; "[o]ngoing treatment related to her thumb since December 2, 2016, is due to her pre-existing first carpometacarpal degenerative arthrosis that has been exacerbated by the December 2, 2016, accident"; and "[f]urther treatment is reasonable and necessary," including "topical

---

[36] Docket 19-1 at 5.

[37] Docket 19-1 at 5–7.

[38] Docket 19-1 at 15.

[39] Docket 19-1 at 24.

[40] Docket 19-1 at 26.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 9 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 9 of 13

or oral anti-inflammatories, repeat corticosteroid injections" and potentially surgery "with subsequent splinting and therapy."[41]

In response, USAA contends that it has "produc[ed] expert testimony that [Ms.] Nordstrom's alleged injuries for which she is seeking payment under her USAA auto policy were not proximately caused by the December 2, 2016 auto accident."[42] First, USAA filed a report from Bradley Probst, a biomechanical expert.[43] Mr. Probst reviewed, among other things, photographic reproductions of and repair estimates for the damage to the two vehicles involved in the collision.[44] Mr. Probst performed an energy-based crush analysis and concluded that Ms. Nordstrom's vehicle experienced a change in velocity of "less than 6.6 miles-per-hour" as a result of the collision, so "the average acceleration experienced by the subject Chevrolet Silverado in which Ms. Nordstrom was seated was less than 2.0g."[45] Mr. Probst explained that "[t]he energy imparted to Ms. Nordstrom" during the collision "was well within the limits of human tolerance and well below the acceleration levels that she likely experienced during normal daily activities."[46] He concluded that the collision did not generate enough force to cause the alleged injuries to Ms.

---

[41] Docket 19-1 at 24, 26–27.

[42] Docket 23 at 2.

[43] *See generally* Docket 23-4.

[44] Docket 23-4 at 6.

[45] Docket 23-4 at 8.

[46] Docket 23-4 at 11.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 10 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 10 of 13

Nordstrom's cervical spine, thoracic and lumbar spine, or her upper extremities (thumb).[47]

USAA also filed a report written by Dr. James R. Schwartz, an orthopedic surgeon with Medical Evaluation of Alaska.[48] Dr. Schwartz concluded that the collision was not "significant enough to have produced structural injury," emphasizing that "[t]he impact as noted was minimal, almost to the point of insignificance."[49] According to Dr. Schwartz, the only injury that Ms. Nordstrom sustained in the December 2, 2016, collision was a "[s]oft tissue injury about the neck."[50] He found that "[f]our to six weeks of conservative treatment and modalities such as chiropractic, acupuncture, and massage therapy could be considered reasonable for this rather low impact automobile accident" but "[t]reatment beyond six weeks would not be considered reasonable or necessary."[51] He also observed that when Ms. Nordstrom sought treatment at the urgent care four days after the collision, there was "[n]o evidence of low back symptoms . . . noted at this time," and he concluded that "[n]o treatment to her lumbar spine would be reasonable or necessary."[52] Dr. Schwartz did not mention any thumb injury in response to the

---

[47] Docket 23-4 at 19.

[48] *See generally* Docket 23-5.

[49] Docket 23-5 at 9.

[50] Docket 23-5 at 8.

[51] Docket 23-5 at 9.

[52] Docket 23-5 at 8–9.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 11 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 11 of 13

question "[w]hat injuries, if any, did Ms. Nordstrom sustain in the December 2, 2016, accident?"[53] The only mention of a potential thumb injury in Dr. Schwartz's report is "[p]reexisting bilateral carpal tunnel syndrome," which "dat[ed] back to 1999."[54]

In sum, the parties have submitted conflicting expert reports with respect to whether and the extent to which the collision caused injury to Ms. Nordstrom's cervical spine, lumbar spine, and thumb. Ms. Nordstrom nonetheless urges the Court to follow *Ligus v. United States*[55] and grant her motion for partial summary judgment.[56] In that case, the plaintiff alleged that "she suffered bodily injury as a result of the United States' negligence" and requested "partial summary judgment as to certain facts that she argue[d were] undisputed."[57]

In *Ligus*, unlike in this case, the defendant "concede[d] that certain facts listed in [the m]otion [we]re undisputed, [but] nevertheless oppose[d] the [m]otion."[58] In this case, by contrast, USAA filed two expert reports disputing the facts that Ms. Nordstrom contends are "undisputed."[59] Based on the record before the Court, a reasonable jury could return a verdict for USAA, the non-moving party, after

---

[53] Docket 23-5 at 8.

[54] Docket 23-5 at 6, 8.

[55] Case No. 3:18-cv-00187-TMB, 2020 WL 736243 (D. Alaska Feb. 13, 2020).

[56] Docket 19 at 7–8.

[57] *Ligus*, 2020 WL 736243, at *1.

[58] *Id*.

[59] *See generally* Docket 23-4, Docket 23-5.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 12 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 12 of 13

concluding that even though Ms. Wilson was negligent in causing the collision, the collision did not cause Ms. Nordstrom's alleged injuries to her spine or thumb and medical treatment for her cervical spine exceeding six weeks was not reasonable or necessary.[60] The Court accordingly denies summary judgment with respect to all remaining issues identified in Plaintiff's motion.

## CONCLUSION

In light of the foregoing, Plaintiff's *Motion for Partial Summary Judgment* at Docket 19 is GRANTED IN PART and DENIED IN PART. Summary judgment is GRANTED with respect to the following undisputed issue:

- The motor vehicle accident on December 2, 2016, was solely caused by the negligence of Trista Dee Anna Wilson, and Sarah L. Nordstrom was not at fault.

Summary judgment is DENIED with respect to all remaining issues.

DATED this 8th day of May 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[60] *See Anderson*, 477 U.S. at 248–49.

Case No. 3:22-cv-00016-SLG
Order re Motion for Partial Summary Judgment
Page 13 of 13
Case 3:22-cv-00016-SLG   Document 31   Filed 05/08/23   Page 13 of 13